**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

STROMA MEDICAL CORPORATION, a Delaware corporation, and GREGG HOMER, an individual,

Plaintiffs,

v.

STRATFORD INSURANCE COMPANY, an insurance company authorized to do business in Delaware,

Defendant.

Civil Action No. 26-403-GBW

## MEMORANDUM ORDER

Pending before the Court is Defendant Stratford Insurance Company's ("Stratford") Motion to Transfer Venue of Action to the Central District of California ("Motion") (D.I. 4), which has been fully briefed (D.I. 5, D.I. 9, D.I. 10). Plaintiffs Stroma Medical Corporation ("Stroma") and Gregg Homer ("Homer") (collectively, "Plaintiffs") oppose Defendant's Motion. For the reasons below, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

Stratford issued a Directors and Officers Liability Policy ("D&O Policy") to Stroma. D.I. 1-1, Ex. A ¶¶ 10, 12. The D&O Policy insured Stroma for covered claims, which includes "a civil proceeding for monetary or non-monetary relief against an Insured Person for a Wrongful Act." *Id.* ¶ 13. "In July 2020, Samuel Blumberg ("Mr. Blumberg") filed an action against Stroma, Homer, and others in the Superior Court of California, County of Orange (the 'Underlying Action')." *Id.* ¶ 17. On February 10, 2023, Plaintiffs "notified Stratford of the Underlying Action and demanded defense and indemnity coverage." *Id.* ¶ 21. "By letter dated April 4, 2023, Stratford provisionally denied coverage," but later "reimbursed certain post-notice defense expenses." *Id.* ¶¶ 22-23.

On October 23, 2025, a final judgment in the Underlying Action was entered, awarding Mr. Blumberg compensatory damages, punitive damages, attorneys' fees and costs, and post-judgment interest. *Id.* ¶¶ 18-19. Plaintiffs demanded from Stratford "indemnity coverage for covered Loss, including compensatory damages, punitive damages, attorneys' fees, costs, and post-judgment interest." *Id.* ¶ 24. Stratford denied or withheld indemnity coverage, citing various provisions in the D&O Policy. *Id.* ¶¶ 26-32.

Plaintiffs filed this action in the Superior Court of the State of Delaware in and for New Castle County on February 21, 2026, seeking declaratory judgment regarding Defendant's obligation to pay under the D&O Policy, and alleging claims of breach of contract and breach of the implied covenant of good faith and fair dealing. *See generally id.* Stratford filed its answer to Plaintiffs' complaint on March 30, 2026. *See* D.I. 1, Ex. D. The action was removed to this Court on April 8, 2026.

## II. LEGAL STANDARD

Section 1404(a) of Title 28 of the United States Code provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts in the Third Circuit evaluate a motion to transfer under the factors outlined in *Jumara v. State Farm Insurance*, 55 F.3d 873, 879-80 (3d Cir. 1995). *See In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (citing *Jumara*, 55 F.3d at 879-80). The movant has the burden to establish that the interests favor transfer. *See Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 436 (D. Del. 2015) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970)) (citing *Jumara*, 55 F.3d at 879).

The District Court must first decide whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara*, 55 F.3d at 878. If venue would have been proper

in that district, the court then weighs whether the public and private interest factors favor transfer, keeping in mind that "'plaintiff's choice of venue should not be lightly disturbed.'" *Id.* at 879 (citations omitted). The private interest factors to consider include:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests [] include[]: [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (cleaned up); *see Ceradyne, Inc. v. RLI Ins. Co.*, 2021 WL 3145171, at *4 (D. Del. July 26, 2021). While the plaintiff's forum choice remains "the most important factor[,]" other factors will influence the transfer decision. *Express Mobile, Inc. v. Web.com Grp., Inc.*, 2020 WL 3971776, at *2 (D. Del. July 14, 2020). "Thus, . . . when a plaintiff . . . has no connection to Delaware . . . other than its choice to sue here and its Delaware incorporation[,] . . . such a plaintiff's choice . . . will not dominate the balancing to the same extent as it otherwise might." *Id.*

## III. DISCUSSION

Defendant argues that this action should be transferred to the Central District of California because, *inter alia*, (1) Plaintiff Stroma's principal place of business is in California, (2) Plaintiff Homer is a California resident, (3) the D&O Policy was negotiated and issued in the Central

District of California, (4) Plaintiffs' alleged wrongful acts and the resulting Underlying Action occurred in California, (5) most of the relevant witnesses and documents are located in California, (6) the Central District of California's docket is less congested than the District of Delaware's, and (7) California has a significant interest in adjudicating insurance coverage disputes concerning its residents. D.I. 5 at 1-2. Plaintiffs respond that the following factors favor retaining the case in Delaware: (1) Plaintiff's choice of forum, (2) convenience of the parties, (3) practical considerations, (4) local interest in deciding local controversies, and (5) public policies of the forum, and (6) the trial judge's familiarity with applicable state law. *See generally* D.I. 9. Plaintiffs further assert that the following factors are neutral: (1) where the claim arose, (2) convenience and availability of witnesses, (3) location of books and records, (4) enforceability of judgment, (5) court congestion. *Id.* The Court will address each factor in turn.

Before the Court addresses the *Jumara* factors, however, the Court must briefly address whether venue would have been proper in the Central District of California. *Jumara*, 55 F.3d at 878. The parties do not dispute this issue. *See also* D.I. 5 at 8-9 (explaining that this action could have been brought in the Central District of California); D.I. 9 at 5 ("Plaintiffs do not dispute that this action could have been brought in the Central District of California."). The Court agrees. Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The general venue statute provides that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Here, venue would be proper in the Central District of California because the Underlying Action and judgment giving rise to Plaintiffs' claims took place in the Central District of California. D.I. 1-1, Ex. A

¶ 17 ("Samuel Blumberg filed an action against Stroma, Homer, and others in the Superior Court of California, County of Orange.").

The Court next turns to the private and public interest factors outlined in *Jumara*.

**A. On Balance, the Parties' Forum Preferences Weigh Against Transfer**

The first two *Jumara* factors ask the Court to consider each of the parties' forum preferences. Plaintiffs' preferred forum is Delaware because "Stroma is a Delaware corporation," and Stroma "has a concrete, ongoing legal presence in Delaware" vis-à-vis a pending case before the United States Bankruptcy Court for the District of Delaware in which "D&O policy proceeds that are an asset of the estate [are] actively being administered by a Delaware bankruptcy court." D.I. 9 at 5. Defendant's preferred forum is California because the Underlying Action was litigated in California. D.I. 5 at 11.

Courts generally afford "paramount consideration" to a plaintiff's choice of forum. *Express Mobile, Inc. v. Web.com Grp., Inc.*, C.A. No. 19-1936-RGA, 2020 WL 3971776, at *2 (D. Del. July 14, 2020). This remains true even where a plaintiff "has a principal place of business outside Delaware or has no connection to Delaware other than . . . its choice to sue here and its Delaware incorporation." *Id.* However, when a plaintiff can point to no other ties to Delaware, a plaintiff's choice "will not dominate the balancing to the same extent as it otherwise might." *Id.* In this action, Plaintiffs' only tie to Delaware (other than Stroma's incorporation) is a bankruptcy proceeding before the United States Bankruptcy Court for the District of Delaware. Yet Plaintiffs have cited no authority indicating how a separate bankruptcy proceeding in another court should factor into forum preference. *See* D.I. 9 at 5 (not citing authority). Plaintiffs have also not pointed to any employees or operations in Delaware. *See* D.I. 9 at 6 (listing the locations of its operations); *see also Express Mobile*, 2020 WL 3971776, at *2 ("[T]he balancing of factors is going to be influenced by other factors which are related to where a plaintiff is physically located."). Thus,

the Court will afford Plaintiffs' choice of forum less weight than it otherwise would if Plaintiffs had stronger ties to Delaware.

Defendant has legitimate reasons for its preference to litigate in California, which are discussed in detail in the following sections. However, Defendant's forum preference is "not given the same weight as a plaintiff's preference." *Express Mobile*, 2020 WL 3971776, at *2; *see also Intell. Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012). Although the Court is affording Plaintiffs' choice of forum less weight, Plaintiffs' choice is still entitled to deference. *Andrews Int'l, Inc. v. Indian Harbor Ins. Co.*, C.A. No. 12-775-LPS, 2013 WL 5461876, at *2 (D. Del. Sep. 30, 2013). Thus, on balance, the Court finds that the parties' forum preferences weigh against a transfer, but notes that Plaintiffs' preference is not dispositive on this issue. *See Ceradyne, Inc. v. RLI Ins. Co.*, C.A. No. 20-1398-MN, 2021 WL 3145171, at *5 (D. Del. July 26, 2021) (explaining that a plaintiff's choice of forum is not dispositive when the only tie is Delaware incorporation).

**B. The Claim Arose in California, Which Weighs in Favor of Transfer**

Defendant argues that the third *Jumara* factor weighs in favor of transfer because (1) the policy was issued to Stroma in California, (2) the events giving rise to the dispute in the Underlying Action occurred in California, (3) the Underlying Action occurred in California, (4) Plaintiffs incurred defense costs for the Underlying Action in California, and (5) the judgment was entered against Plaintiffs in the Underlying Action in California. D.I. 5 at 11. Plaintiff responds that the decision to deny coverage was "made by claims personnel located in New York . . . and Boston." D.I. 9 at 7. Furthermore, the policy was "administered by AIG Claims, Inc., a Delaware corporation with its principal place of business in New York. Notice of claims under the Policy is directed to New York." *Id.*

The Court agrees with Defendant. Defendant cites three cases on point. *See* D.I. 5 at 11-12. In all three cases, the courts found that the claims arose in the location where the underlying litigation was litigated, and/or where the insurance policy was issued. *See Andrews*, 2013 WL 5461876, at *3 (D. Del. Sep. 30, 2013) (finding that the claims arose in California where the insured was in California, the alleged wrongdoing occurred in California, and the underlying action and judgment occurred in California); *Paycom Software, Inc. v. Travelers Casulty & Sur. Co. of Am.*, C.A. No. 21-1403-CFC, 2022 WL 1063845, at *4 (D. Del. Apr. 8, 2022) (finding that the claims arose in Oklahoma where the insurance policies were issued in Oklahoma); *Ceradyne*, 2022 WL 1063845, at *4 (finding that the claims arose in Oklahoma where the insurance policies at issue were issued in Oklahoma). Likewise, in this action, the issuance of the D&O Policy and the Underlying Action occurred in California. The Court is unpersuaded by Plaintiffs' argument regarding where the decision to deny coverage was made. In *Paycom*, the court gave no weight to a similar argument made by plaintiffs that the defendants had "negotiated, underwrote, and 'denied coverage from locations in New York and Illinois.'" *Paycom*, 2022 WL 1063845, at *4. Thus, the Court finds that the claim arose in California, and this factor weighs in favor of transfer.

**C. The Convenience of the Parties Weighs in Favor of Transfer**

In weighing the convenience of the parties, the Court considers factors such as "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Fuisz Pharma LLC v. Theranos, Inc.*, C.A. No. 11-1061-SLR-CJB, 2012 WL 1820642, at *12 (D. Del. May 18, 2012), *report and recommendation adopted*, C.A. No. 11-1061-SLR-CJB, 2012 WL 2090622 (D. Del. June 7, 2012). Neither party has indicated that litigating in either Delaware or California would be inconvenient. However, Stroma's principal place of

business is in California, and Homer resides in California. *See Andrews*, 2013 WL 5461876, at *3 (finding that this factor weighs in favor of transfer because the plaintiffs "have their principal places of business in California and do not maintain offices in Delaware"). Thus, this factor weighs in favor of transfer.

### D. The Convenience of the Witnesses Weighs in Favor of Transfer

The Court considers the convenience of witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Defendant has indicated that many of the third-party witnesses would be unavailable because they are neither located in Delaware nor work within 100 miles of the District of Delaware. D.I. 5 at 13. As Defendant points out, third-party witnesses such as Mr. Blumberg and his counsel "could be compelled to attend a trial in California, but could not be compelled to attend a trial in Delaware." *Id.* at 14. Defendant further notes that, while Mr. Blumberg could be compelled to sit for a deposition, "deposition testimony is not a complete substitute for live trial testimony." *Id.* (quoting *Ceradyne, Inc.*, 2021 WL 3145171, at *6). Plaintiff responds that this factor is neutral because the material witnesses reside in various locations: "(a) Stratford's claims personnel who evaluated and denied coverage (New York, Kansas, Boston); (b) coverage counsel who exchanged substantive claim correspondence (Stroma's counsel in Delaware; Stratford's counsel initially in California, subsequently in Delaware); and (c) Homer and Stroma's representatives regarding the notice and claim process (Delaware and California)." D.I. 9 at 9. Furthermore, Plaintiffs claim that "[Mr.] Blumberg and his trial counsel are not material witnesses to whether Stratford properly denied coverage." *Id.*

On balance, the Court finds that this factor weighs in favor of transfer. A larger number of material witnesses appear to be located in California. As Plaintiffs point out, coverage counsel who exchanged substantive claim correspondence, as well as Plaintiffs' representatives regarding

the notice and claim process, reside in *both* Delaware and California. *See* D.I. 9 at 9. However, "Stroma, Homer, defense counsel, [Mr.] Blumberg and his counsel, and Stroma's insurance broker, are all located in California." D.I. 5 at 13. Also, the Court notes that Mr. Blumberg and his counsel could be compelled to attend a trial in California, but could not be compelled to attend a trial in Delaware. *Id.* at 14. Although Plaintiffs dispute whether Mr. Blumberg and his counsel are material witnesses, the Court cannot draw conclusions as to his relevance at this time. Plaintiffs have offered no reason for the Court to conclude that testimony from a party to the Underlying Action and his counsel would be irrelevant to this action. Defendant, on the other hand, has pointed out several factual issues for which Mr. Blumberg's testimony could potentially become relevant: "when Blumberg first made his claim against Plaintiffs (implicating which of Stroma's consecutive policies is operative), the timing and reasons for Plaintiffs' delayed notice to Stratford (implicating Stratford's late-notice defense) and other topics that relate to exclusions in Stroma's policy." D.I. 10 at 2 (internal marks omitted). Thus, the locations of the potential witnesses in this action weigh in favor of transfer.

**E. The Convenience of the Evidence Is Neutral**

Both parties agree that the convenience of the evidence is neutral because all of the relevant documents would be available in either venue. *See* D.I. 5 at 14; D.I. 9 at 9. The Court agrees.

**F. The Enforceability of the Judgment Is Neutral**

Both parties agree that the enforceability of the judgment is neutral because a judgment entered in either district would be equally enforceable. *See* D.I. 5 at 14; D.I. 9 at 10. The Court agrees.

**G. Practical Considerations Are Neutral**

Defendant contends that practical considerations favor California because Stroma, Homer, and relevant witnesses and evidence are located in California, not Delaware. D.I. 5 at 14; D.I. 10

at 7. Defendant's counsel is also located in California. *Id.* at 15. Plaintiffs respond that practical considerations favor Delaware because of the pending bankruptcy proceeding occurring in the United States Bankruptcy Court for the District of Delaware, which involves the D&O Policy proceeds. D.I. 9 at 10. Thus, Plaintiffs reason that transferring this action to California would create fragmentation of two cases involving overlapping issues, which would "lead[] to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." D.I. 9 at 10-11 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).

The Court finds that this factor is neutral. First, Defendant's argument mostly regurgitates the arguments it made with respect to convenience of the witnesses. The Court will not double count those considerations. Defendant has not pointed to any other reason that transfer would make trial easy, expeditious, or inexpensive. However, neither have Plaintiffs. Plaintiffs' reliance on the ongoing bankruptcy proceeding is misplaced. The practical justification of using § 1404(a) to prevent fragmentation is to resolve two pending cases involving the same issues in the exact same forum—not merely the same state in which the two fora sit. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (explaining that § 1404(a) is designed to prevent wastefulness from trying cases in different District Courts). In such cases, transfer would "unquestionably promote greater judicial efficiency since a single court will be able to handle both cases which grow out of essentially a single dispute." *Jahncke Serv., Inc. v. OKC Corp.*, 301 F. Supp. 866, 869 (D. Del. 1969). Here, in contrast, judicial economy would not be promoted either way. Whether or not this case is transferred, the instant case will be litigated in a different court, before a different judge, than the pending bankruptcy proceeding. Thus, the Court finds that practical considerations are neutral.

### H. Court Congestion Is Neutral

The parties next contend whether court congestion favors transfer. Defendant compares the median time interval from filing to disposition of civil cases for the twelve-month period ending on March 31, 2025 for the District of Delaware (10 months) to that for the Central District of California (3.9 months). D.I. 5 at 15. Similarly, Defendant notes that the median time interval from filing to completed civil trials for that same twelve-month period was 33 months for the District of Delaware, versus 27.8 months for the Central District of California. *Id.* Plaintiffs concede that the time-to-trial gap favors the Central District of California, but note that "the metric that best reflects actual judicial workload (weighted filings per judgeship, which accounts for case complexity) now favors Delaware: 657 weighted filings per judgeship in Delaware versus 781 in the Central District of California." D.I. 9 at 12. In light of these competing metrics, the courts' relative congestion is difficult to assess. Thus, the Court treats this factor as neutral.

### I. California's Interest in Deciding Local Controversies at Home Weighs in Favor of Transfer

The parties dispute whether California or Delaware has a stronger interest in adjudicating this dispute. Defendant contends that California has a great interest "in a D&O 'insurance coverage dispute where only one party was a Delaware corporation and the underlying action had been litigated in California.'" D.I. 5 at 16 (quoting *Ceradyne, Inc.*, 2021 WL 3145171, at *8). Plaintiffs, on the other hand, reason that "'Delaware has a substantial interest in its law being applied to interpret D&O policies of Delaware corporations' because Delaware law, specifically 8 Del. C. § 145, governs the indemnification and advancement rights that D&O policies are designed to fund." D.I. 9 at 12 (quoting *RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 900 (Del. 2021)).

The Court acknowledges that Delaware has a strong interest in adjudicating disputes arising under D&O policies issued to Delaware corporations. *See Intell. Ventures I LLC v. Altera*

*Corp.*, 842 F. Supp. 2d 744, 760 (D. Del. 2012) ("Delaware has a strong interest in adjudicating disputes among its corporate citizens."); *Cobalt Inv. Mgmt., LLC v. Fed. Ins. Co.*, C.A. No. 24-1074-GBW, 2025 WL 1124367 (D. Del. Apr. 16, 2025) ("Delaware takes a superseding interest in the merits of disputes involving insurance coverage for fiduciary mismanagement of Delaware organizations." (quoting *Sycamore Partners Mgmt., L.P. v. Endurance Am. Ins. Co.*, 2021 WL 761639, at *8 (Del. Super. Ct. Feb. 26, 2021)). However, three considerations cut against this interest. *First*, only one of the parties is a Delaware corporation. *See Paycom*, 2022 WL 1063845, at *6 (finding that Delaware's interest is weaker where "the coverage dispute is not between Delaware corporations"); *TSMC Tech., Inc. v. Zond, LLC*, C.A. No. 14-721-LPS-CJB, 2014 WL 7251188, at *21 (D. Del. Dec. 19, 2014) (noting that Delaware's interest in adjudicating disputes "solely among Delaware corporations"), *report and recommendation adopted*, C.A. No. 14-721-LPS-CJB, 2015 WL 328334 (D. Del. Jan. 26, 2015); *Andrews*, 2013 WL 5461876, at *4 (explaining that Delaware's interest is weaker where only one party is a Delaware citizen). *Second*, Delaware's interest in adjudicating disputes over its corporate citizens is counterbalanced where, as here, Stroma's principal place of business is in the proposed transferee district. *See id.* (explaining that Delaware's interest is counterbalanced by the fact that the defendant "is headquartered in the proposed transferee district"); *Altera*, 842 F. Supp. 2d at 760 ("The Northern District also has an interest in this litigation, given the presence of all of the parties in that District, either through maintenance of offices or other facilities and sales of the accused products there. In the Court's view, this factor is neutral."); *see also* D.I. 1-4, Ex. 6 ¶ 2 (listing Stroma's principal place of business as Irvine, California). *Third*, and critically, the alleged wrongdoing occurred in the proposed transferee district. *See Ceradyne*, 2021 WL 3145171, at *8 ("[W]hen the alleged

wrongdoing occurs in another jurisdiction, this Court has recognized that the other jurisdiction has a stronger interest in deciding the dispute."). Thus, this factor weighs in favor of transfer.

**J. Public Policies of the Forum Weigh in Favor of Transfer**

Defendant argues that the public policies of California are stronger because "California has a very strong interest in regulating insurance contracts entered into with its own residents." D.I. 5 at 16 (quoting *Ceradyne*, 2021 WL 3145171, at *9). Plaintiffs respond that Delaware has a strong interest in "ensur[ing] that Delaware corporations can attract talented directors and officers by providing robust D&O coverage." D.I. 9 at 13. Plaintiffs further rely on this Court's decision in *Cobalt*, wherein the Court highlighted that "Delaware takes a superseding interest in the merits of disputes involving insurance coverage for fiduciary mismanagement of Delaware organizations." *Cobalt*, C.A. No. 24-1074-GBW, 2025 WL 1124367 (D. Del. Apr. 16, 2025).

As the court explained in *Ceradyne*, "[a]lthough Delaware has a public policy interest in the capabilities and conduct of officers and directors of Delaware corporations, this public policy is not directly related to insurance coverage disputes." *Ceradyne*, 2021 WL 3145171, at *9. The Court agrees with that assessment. Plaintiffs' reliance on *Cobalt* is not compelling because the Court's analysis in *Cobalt* was more relevant to Delaware's interest in deciding local controversies, not the public policies of the forum. Unlike this case, *Cobalt* involved coverage for claims between Delaware entities concerning Delaware corporate law and fiduciary duties owed to Delaware corporations. *See Cobalt*, 2025 WL 1124367, at *1. The dispute in this action concerns insurance coverage for breach of contract and conversion claims involving at least two non-Delaware residents, the D&O policy was negotiated and entered in California, the Underlying Action and judgment giving rise to Plaintiffs' claims took place in California, and there are no issues implicating Delaware's corporate code. Under the circumstances of this case, California's public policy interest slightly outweighs Delaware's. Thus, this factor weighs in favor of transfer.

**K. The Familiarity of this Court with the Applicable State Law Is Neutral**

Defendant asserts that this factor is neutral because the choice of law in this case is a disputed issue. D.I. 5 at 17. Plaintiff responds that Delaware law governs, which weighs against transfer. Regardless of whether this case is transferred or not, Delaware's choice-of-law principles apply. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n.8 (1981) ("[W]here a case is transferred pursuant to 28 U.S.C. § 1404(a), it must apply the choice-of-law rules of the State from which the case was transferred."). This Court has more familiarity with Delaware's choice-of-law principles than the Central District of California, which weighs against transfer.

If Delaware's substantive law applies, this Court again has better familiarity with applying Delaware's laws. Importantly, however, the contract does not have a choice-of-law provision, and the parties dispute which state's laws apply. Delaware applies the "most significant relationship" test to decide which state's law governs a contract dispute absent a choice-of-law provision, under which the state of incorporation is the most significant consideration in deciding which state's laws apply. *See RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 900 (Del. 2021) ("[T]he choice of law is between headquarters or the state of incorporation, the state of incorporation has the most significant interest."). That would tip the balance in favor of applying Delaware's substantive laws. Nevertheless, before drawing such a conclusion, the Court must still consider other factors that could tip the balance toward California such as "the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* at 896-97. On the current record, the Court is unable to make a final determination of which state's law applies and will treat this factor as neutral.

## IV. CONCLUSION

Having weighed all the relevant private and public interest factors detailed in *Jumara*, the Court finds that transfer to the Central District of California is appropriate under the circumstances of this case. While the Court appreciates the importance of Plaintiffs' choice of forum, the Court has afforded that preference slightly less weight for the reasons discussed *supra* Section III.A. The remaining factors all either weigh in favor of transfer, or are neutral. On balance, the factors that favor transfer outweigh Plaintiffs' choice of forum. Thus, the Court will grant Defendant's Motion.

* * * * *

WHEREFORE, at Wilmington this 16th day of November 2026, **IT IS HEREBY ORDERED** that Defendant Stratford Insurance Company's Motion to Transfer Venue of Action to the Central District of California (D.I. 45) is **GRANTED**. The Clerk of the Court is directed to transfer this case to the United States District Court for the Central District of California.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE